# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL AGUILAR, ) | 1:06-CV-01491 OWW LJO HC |
| Petitioner, ) | |
| ) | FINDINGS AND RECOMMENDATION |
| v. ) | REGARDING PETITION FOR WRIT OF |
| ) | HABEAS CORPUS PURSUANT TO 28 |
| ) | U.S.C. § 2241 |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**BACKGROUND**[1]

Petitioner is currently in custody of the Bureau of Prisons at the Taft Correctional Institution located in Taft, California, pursuant to a judgment of the United States District Court for the Central District of California entered on September 5, 1995, following his conviction by jury trial of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Petitioner was sentenced to a determinate prison term of 360 months.

Petitioner appealed the conviction to the Ninth Circuit Court of Appeals. Petitioner states the Ninth Circuit affirmed the judgment in August 1998.

Petitioner states he then filed a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. The motion was denied on November 10, 1999. Petitioner

---

[1] This information was derived from the petition for writ of habeas corpus.

also states he filed an application with the Ninth Circuit to file a second or successive § 2255 motion, and said application was denied on June 14, 2006.

On October 30, 2006, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner claims he was erroneously sentenced based on conduct for which he should not be held accountable. See Memorandum in Support of Petition (hereinafter "Memorandum") at 5-7. Petitioner further claims the district court committed plain error when it erroneously concluded that Petitioner was a career offender. See Memorandum at 8.

## JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987).

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241. Petitioner concedes this fact. Petitioner admits bringing this petition as a § 2241 petition instead of a § 2255, because he

has already sought relief by way of § 2255. However, a petition contending Petitioner's sentence is invalid is still a § 2255 petition regardless of what Petitioner calls the petition. See Brown, 610 F.2d at 677.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). The Ninth Circuit has recognized that this exception is a very narrow one. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003); Pirro, 104 F.3d at 299; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). In Ivy, the Ninth Circuit agreed with several other circuit courts that § 2241 relief is available pursuant to the "escape hatch" in § 2255 if the petitioner claims to be: (1) factually innocent of the crime for which he has been convicted; and, (2) has never had an "unobstructed procedural shot" at presenting this claim." Ivy, 328 F.3d at 1059-60, *citing*, Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000) (internal citations omitted). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In the petition for writ of habeas corpus, Petitioner claims that § 2255 is inadequate and ineffective. Petitioner claims he is foreclosed from raising the instant claims because he has already filed a motion pursuant to § 2255 which was subsequently denied, and an application to the Ninth Circuit to file a second motion was denied.

Nevertheless, Petitioner has had several procedural opportunities to challenge his sentence in raising the instant claims. Petitioner admits he brought the instant claims on direct appeal and in his first § 2255 motion. Even if he had not done so, he did have the opportunity. Petitioner claims that his challenges have since evolved and are now based on "changes in the law." He states the district court should have applied the "categorical approach" in Taylor v. United States, 495 U.S. 575 (1990). Whether the court did so or not, Taylor was decided in 1990 and was therefore available as a

1  basis for Petitioner's claims during sentencing, on appeal, and in his § 2255 motion. Moreover, the
2  Ninth Circuit adopted the categorical approach in 1988. United States v. Sherbondy, 865 F.2d 996,
3  1009 (9th Cir.1988). Thus, Petitioner had several "unobstructed procedural shots" at presenting his
4  challenges to the sentencing court, the district court, and the Ninth Circuit. In any case, the various
5  changes in the law Petitioner refers to have not been ruled to be retroactive to cases on collateral
6  review. It is clear, therefore, that Petitioner has not shown that § 2255 provides an "inadequate or
7  ineffective" remedy. The petition should be dismissed.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED because the petition does not allege grounds that would entitle petitioner to relief under 28 U.S.C. § 2241.

These Findings and Recommendations are submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) court days (plus three days if served by mail) after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    January 19, 2007            /s/ Lawrence J. O'Neill**
b9ed48                                  UNITED STATES MAGISTRATE JUDGE